UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY J. HANNON,

       Plaintiff,

                                                 Case No. 2:06-cv-183
v.                                           HON. GORDON J. QUIST

KENNERLY M. STALLMAN,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff prisoner Anthony J. Hannon filed this civil rights action against defendant Kennerly M. Stallman. Kennerly M. Stallman does not exist. Dr. Timothy Stallman and Mike Kennerly have made limited appearances to challenge personal jurisdiction. Dr. Stallman and Mike Kennerly move to dismiss the complaint or for clarification. Plaintiff has filed a response and motion to strike "Kennerly M." from his complaint. Plaintiff concedes he made an error in naming the defendant. It appears that plaintiff only intends to name Dr. Timothy Stallman as a defendant in this case. It appears that Mike Kennerly was not intended to be a defendant in this action.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most

favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Plaintiff intended to name only Dr. Timothy Stallman as a defendant in this action. In the opinion of the undersigned, plaintiff should be allowed to amend his complaint to name Dr. Timothy Stallman.

Accordingly, it is recommended that defendant's motion to dismiss or for clarification (Docket #12) be granted in part. It is recommended that the motion for clarification be granted and the motion to dismiss be granted as to defendant Mike Kennerly. It is further recommended that plaintiff's motion to strike (Docket #14) be denied. Finally, it is recommended that plaintiff be given thirty days to amend his complaint to name Dr. Timothy Stallman.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

        /s/ Timothy P. Greeley  
       TIMOTHY P. GREELEY  
       UNITED STATES MAGISTRATE JUDGE

Dated:   January 18, 2008